## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>425 Third Street, S.W., Suite 800<br>Washington, DC  20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of

its public interest mission, Judicial Watch regularly requests access to public records of federal, state, and local government agencies and officials and disseminates its findings to the public.

4. Defendant is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## **STATEMENT OF FACTS**

5. On March 20, 2013, Plaintiff submitted a FOIA request to the Civil Division, a component of Defendant, seeking access to copies of:

> Any and all records of communications, correspondence, and contacts between the Department of Justice and the House Committee on Oversight and Government Reform concerning or relating to a settlement in *Committee on Oversight and Government Reform v. Holder*, 1:12-cv-01332, U.S. District Court, District of Columbia (Washington). Such records include, but are not limited to, records of the settlement discussions themselves.
>
> The timeframe for this request is October 1, 2012 to March 20, 2013.

6. By letter dated May 3, 2013, the Civil Division informed Plaintiff that it had determined that the documents responsive to Plaintiff's FOIA request should be withheld in full because of, "among other things, court-imposed non-disclosure requirements." In addition, the Civil Division informed Plaintiff of its right to file an administrative appeal within 60 days. The Civil Division's May 3, 2013 letter however did not indicate that it had conducted a search for responsive records. Nor did it state how many responsive records were being withheld from Plaintiff. Nor did it identify the FOIA exemption under which the records were being withheld from Plaintiff.

7. By letter dated May 20, 2013, Plaintiff sent a timely administrative appeal of the Civil Division's final determination.

2

8. By letter dated June 19, 2013, the Office of Information Policy, another component of Defendant, notified Plaintiff that it had affirmed the Civil Division's action on the request. The June 19, 2013 letter did not identify any FOIA exemption under which the requested records were being withheld from Plaintiff, but instead asserted the following:

> Please be advised that the records responsive to your request are subject to court-imposed, non-disclosure requirements under the Local Rules of the United States District Court for the District of Columbia. Therefore, in this instance, the Civil Division lacks the discretion to consider this information for release to you.

The letter also stated, "If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)."

9. Because the Office of Information Policy has denied Plaintiff's administrative appeal, Plaintiff has exhausted all administrative remedies with respect to its March 20, 2013 FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt

records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   September 5, 2013                              Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
JUDICIAL WATCH, INC.
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*