No. 17-5229            September Term, 2017

FILED ON: APRIL 11, 2018

JUDICIAL WATCH, INC.,
         APPELLEE

v.

UNITED STATES DEPARTMENT OF JUSTICE,
         APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-1334)

Before: HENDERSON and KAVANAUGH, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

On March 20, 2013, Judicial Watch filed an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 522, seeking Department of Justice (Department) documents created during settlement discussions with the House Judiciary Committee in a separate lawsuit. *See Comm. on Oversight & Gov't Reform v. Holder*, 979 F. Supp. 2d 1 (D.D.C. 2013) (*Holder*). The Department withheld the documents and Judicial Watch filed suit under FOIA. The district court initially granted summary judgment for the Department on two grounds. First, it concluded that Judge Amy Berman Jackson's statements during the *Holder* case prohibited the Department from disclosing the documents. Second, it held that District Court Local Rule 84.9(a)—which prohibits "parties . . . from disclosing any written or oral communications made in connection with or during any mediation session"—prohibited the Department from releasing the records.

Judicial Watch appealed the district court's order. In the first trip to this Court, we remanded the case for the district court to clarify the scope of Judge Jackson's statements in

*Holder*. *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 813 F.3d 380 (D.C. Cir. 2016) (*Judicial Watch II*). In doing so, we did not address the district court's application of Local Rule 84.9. Rather, we noted:

> [The district court's] interpretation of the rule presents difficult questions. On the one hand, a district court's interpretation of its own rules is, as the Department argues, entitled to deference. On the other hand, Local Rule 84(b) explicitly provides that "[t]hese Rules apply only to mediation proceedings that are formally conducted through the United States District Court's Mediation Program." Further, it is not established whether Local Rule 84.9, if it applies, would resolve the FOIA question because local rules do not clearly fit within a recognized FOIA exemption.

*Id.* at 384 (second alteration in original) (internal citations omitted).

On remand, Judge Jackson clarified that her remarks in open court were not intended to serve as a formal sealing order and the Department abandoned that argument before the district court. Joint Appendix (JA) 115. Thereafter, the district court granted summary judgment for the Department for a second time based on Local Rule 84.9 only. Judicial Watch appealed again.

To begin, we note that Judicial Watch does not challenge the district court's conclusion that Local Rule 84.9 prohibits the Department from disclosing documents under FOIA. *Compare* Appellee's Br. 18-19 (highlighting Judicial Watch's failure to challenge whether Rule 84.9 "prohibits the Department from disclosing documents that fall within its scope"), *with* Appellant's Reply Br. 1-2 (failing to respond to Department's waiver argument). In other words, Judicial Watch has waived its statutory argument under FOIA and proceeds solely on the basis that Local Rule 84.9 does not apply to the documents it seeks. *World Wide Minerals, Ltd. v. Republic of Kazakhstan*, 296 F.3d 1154, 1160 (D.C. Cir. 2002) ("[A] party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief.").

Accordingly, although we review an agency's FOIA withholding decision de novo, *see Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009), "[w]e review the district court's decision enforcing its local rules for abuse of discretion." *Texas v. United States*, 798 F.3d 1108, 1113 (D.C. Cir. 2015). Indeed, we have noted that "[a] district court's interpretation and application of local procedural rules receives 'a special degree of deference—above and beyond the traditional standards of decisionmaking and appellate oversight[.]'" *Id.* at 1115 n.2 (alterations in original) (quoting *Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 (1st Cir. 2004)).

In a November 27, 2012 status hearing in *Holder*, before the parties engaged in any mediation—formal or otherwise—Judge Jackson suggested that mediation would be appropriate in the case. JA 63-66. The next time the parties met before Judge Jackson, she repeated her offer to impose court-ordered mediation and expressed dismay at the "pace of the negotiations." JA 79-80. At these status hearings, Judge Jackson emphasized that she had selected an individual—visiting Senior District Judge Barbara J. Rothstein—to mediate the parties' dispute. On March 18, 2013, Judge Jackson finally ordered the parties to participate in the court's formal mediation program. JA 86.

In this unique factual and procedural context, we conclude that the district court did not abuse its discretion in concluding that the documents Judicial Watch sought from the Department were "made in connection with" the formal mediation in *Holder* under Local Rule 84.9.

In affirming the district court, however, we emphasize that we are relying on Judicial Watch's failure to challenge whether a district court's collateral interpretation of Local Rule 84.9 can qualify as an exemption under FOIA. Thus, we explicitly reserve judgment on when (if ever) a district court's collateral interpretation of its local rules can serve as the basis of a FOIA exemption.

For the foregoing reasons, the judgment of the district court is affirmed.

### P<small>ER</small> C<small>URIAM</small>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk